UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JACOB DURHAM, | : | Case No. 1:15-cv-438 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| CINCINNATI CHILDREN's | : | |
| HOSPITAL MEDICAL CENTER, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 8) AND DENYING INTERVENOR PLAINTIFFS' MOTION TO INTERVENE (Doc. 27)**

**I.    INTRODUCTION**

This case is one of hundreds of cases in both Ohio state courts and federal courts stemming from the alleged conduct of an orthopedic surgeon named Abubakar Atiq Durrani who formerly lived and worked in the Cincinnati area.  In 2013, allegations surfaced that Dr. Durrani had for years subjected his patients to unnecessary surgeries without informed consent as part of a financial scheme.  Dr. Durrani was criminally indicted in late 2013, but fled to his native Pakistan before trial.  There is no indication he will return.  In his absence, hundreds of allegedly wronged patients have filed civil suits against numerous related parties, from Dr. Durrani himself to the facilities where surgeries allegedly took place to the manufacturers of the medial products that were allegedly inserted into patient s without their informed consent.  The majority of the plaintiffs in these various lawsuits are represented by a single law firm, the Deters Law Office.

1

In the case currently before this Court, Plaintiff Jacob Durham has filed a proposed class action suit against Defendant Cincinnati Children's Hospital Medical Center.  The complaint advances claims of fraud and violations of the Ohio Consumer Sales Protection Act.  (Doc. 7, at 37–41).  The proposed class advanced by the complaint is outlined as follows:

> Jacob Durham maintains this action on behalf of himself and all patients who, as of the filing of this complaint, have undergone surgery at CCHMC and had Infuse/BMP-2 placed in them without their knowledge and consent during surgery by Dr. Atiq Durrani and other surgeons.
> The members of this putative class are so numerous that joinder of individual claims is impracticable. Morever [sic], there are significant questions of fact and law common to the members of the putative class. The Deters Law Office represents 185 individuals who have brought claims for Infuse/BMP-2 at West Chester.
> However, **this action is being brought on behalf of all others not current Deters Law Office clients** who had Infuse/BMP-2 placed in them without their knowledge. This is known based upon the number of Dr. Durrani surgeries performed and his prolific use of BMP-2. It was used secretly in that unless a patient reviewed in detail their medical records and medical bills they would not know. It is important they do know based upon all the harm BMP-2 can cause and could be causing them completely without their knowledge.

(*Id.* at 35 (emphasis added)).  Mr. Durham is represented by the Deters Law Office in both this case and a separate case filed in Ohio state court raising similar claims against, among others, the defendant in this case.

Defendant filed a timely motion to dismiss (Doc. 8), which was placed on hold while the Court adjudicated a motion to remand filed by Plaintiffs.  (Doc. 12).  The Court has rejected the motion to remand (*see* Doc. 18), and the motion to motion to dismiss has now been fully briefed by the parties.

Plaintiff's response to the motion to dismiss acknowledges that Jacob Durham is an inappropriate class representative because he is not a member of the proposed class due to his previous association with the Deters Law Office as the plaintiff in an Ohio state court action raising similar claims to the present action. (Doc. 22, at 11). Jacob Durham has accordingly indicated that he no longer wishes to proceed as the class representative in this action. (*Id.* at 6). In an attempt to preserve this action, three potential intervenor plaintiffs, Christina Rutter, Joseph Rutter, and Carson Rutter ("Intervenor Plaintiffs"), have filed a motion to intervene as class representatives in this action. (Doc. 27). That motion has been opposed by Defendant.

## II. STANDARD OF REVIEW

In evaluating a motion under Fed. R. Civ. P. 12(b)(6), the Court should not accept legal conclusions as true, nor should it accept conclusory allegations that the claims' elements have been satisfied. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must rise above the speculative level and be plausible on their face. *Twombly*, 550 U.S. at 555, 558. The Sixth Circuit recently held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and all well-pled facts in the complaint must be accepted as true. *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012) (citations omitted).

Aside from being appropriate to dismiss the individual claims, a motion to dismiss can also challenge class certification based solely on the allegations in the complaint. *Schilling v. Kenton County*, 2011 U.S. Dist. LEXIS 8050, at *11-12 (E.D. Ky. Jan. 27, 2011). To dismiss a complaint based on the failure to properly plead class allegations, the moving party has the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove. *Id.*

### III. ANALYSIS

#### A. Neither Plaintiff nor the Intervenor Plaintiffs are appropriate class representatives for the putative class in this action

Defendant argues in its motion to dismiss that class certification should be denied and the complaint should be dismissed because Jacob Durham is not a proper class representative for the proposed class in the complaint. Defendant is correct.

Mr. Durham is clearly not a member of the class he seeks to represent. While the members of the putative class include people who are "not current Deters Law Office clients," Mr. Durham is currently being represented by the Deters Law Office in a case in state court advancing similar claims to those advanced in this complaint. *Durham v. Durrani, et al,* Hamilton Cty. Comm. Pl. No. A1403361 (June 9, 2014). He therefore cannot be a member of the proposed class in this case. That is the end of this Court's necessary inquiry into the merits of this class action, as the Supreme Court has quite clearly stated that "a class representative must be part of the class." *Wal-Mart Stores,*

4

*Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

The recently filed motion to intervene seeks to cure this defect by introducing new representative class members. (Doc. 27). However, the Intervenor Plaintiffs also have a previous pending state action in which they are represented by the Deters Law Office and therefore would not be members of the putative class defined in the complaint. *See Rutter et al. v. Durrani, et al,* Hamilton County Court of Comm. Pl. No. A1402941 (May 19, 2014). The proposed intervenor complaint seeks to cure this defect by modifying the putative class as follows:

> Plaintiffs intervene in this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class of all persons: (i) who had a bio-engineered bone graft device known as Infuse® Bone Graft/LT-CAGE® Lumbar Tapered Fusion Device ("Infuse®") supplied by defendant to the Class members and implanted into them during cervical, thoracic, or lumbar spine surgeries performed at a hospital or surgical center facility owned or operated by defendant; (ii) who had not reached their 18th birthday on the dates the surgeries were performed; and (iii) whose surgeries were performed during the period from April 2, 2004, to the present (the "Class"). Excluded from this definition is: (a) plaintiffs' counsel; (b) the Court and its staff; (c) defendant, its agents, employees, servants, officers, and attorneys; and (d) **all persons other than the named Plaintiffs** who have previously commenced a civil action in any court of competent jurisdiction asserting claims, counterclaims, or causes of action against defendant arising from or attributable to defendant' sale, transfer, or use of Infuse® at any of its facilities.

(Doc. 27-1, at 3 (emphasis added)).

The fundamental problem with this class as defined by Intervenor Plaintiffs is that Intervenor Plaintiffs are specifically included in a class in which they would not otherwise belong for no logical reason other than as a brazen attempt to avoid dismissal

5

for lack of a proper representative plaintiff. Intervenor Plaintiffs are currently represented by the Deters Law Office in an Ohio state court action raising similar claims against the defendant in the present action (among others). *Rutter,* Hamilton County Court of Comm. Pl. No. A1402941. Intervenor Plaintiffs therefore do not meet the objective criteria used to define the putative class in this case. The Court cannot allow the Deters Law Office to use Intervenor Plaintiffs as a vehicle to keep its proposed class action afloat by proposing a class that is not based solely on objective, generalized criteria. The only class that could be properly certified in this action would require striking the phrase "other than the named Plaintiffs" from the proposed class in the proposed intervenor complaint.

Once the improper phrase specifically adding Intervenor Plaintiffs to the proposed class is stricken, it is clear that Intervenor Plaintiffs suffer from the same fatal defect as Jacob Durham with regard to their bid to be representative plaintiffs in this action; namely, they are not members of the proposed class. Accordingly, the motion to intervene is moot, as this action would be dismissed for lack of a representative plaintiff regardless of the outcome of the motion to intervene.[1]

---

[1] The Court notes that the difference between Mr. Durham and the proposed intervenors versus the potential members of the putative class is not merely superficial. If allowed to serve as a class representative in this case, the plaintifss would be simultaneously advancing two cases against the same defendant seeking similar relief. The progress of one case might dictate the level of attention or effort given to the other; if the state case progresses in plaintiffs' favor, it would be reasonable to expect that plaintiffs' energy would be directed away from the present case and towards the state case so as to maximize the chances of recovery. This is an untenable situation, and perfectly illustrates why the Supreme Court has held that lead plaintiffs in a class action are required to be class members.

## IV. CONCLUSION

Ultimately, there appears to be little need for this class action, which seems to this Court to merely be an attempt by the Deters Law Office to "corner the market" on any potential plaintiffs they may have missed who are not among the hundreds of plaintiffs currently pursuing their claims in Ohio state court. This is an inappropriate use of the class action mechanism, and if allowed would create duplicitous litigation that would threaten to waste judicial resources and prolong the ultimate resolution of the many serious claims arising from the alleged acts of Dr. Durrani. As it stands, allowing this complaint to proceed would serve no one but Plaintiff's counsel.

Accordingly, **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 8) is **GRANTED**, the Intervenor Plaintiffs' motion to intervene (Doc. 27) is **DENIED (on the merits and as moot)**, and the case is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment accordingly, whereupon this civil action shall be **CLOSED**.

**IT IS SO ORDERED.**

Date: 7/25/17

Timothy S. Black
United States District Judge